UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KYLE RAK,                                          CIVIL ACTION
    Plaintiff

VERSUS                                             NO.  23-619

C-INNOVATION, L.L.C., ET AL.,                      SECTION: "E" (3)
    Defendants

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration filed by Plaintiff Kyle Rak.[1] C-Innovation, L.L.C. ("C-I"), Island Ventures 6, L.L.C. ("Island Ventures"), and Galliano Marine Services International, L.L.C. ("GMSI") (collectively, the "Defendants") filed an opposition.[2] Rak filed a supplemental memorandum.[3] The Defendants filed a supplemental memorandum in opposition.[4]

## BACKGROUND

Plaintiff Kyle Rak alleges he sustained personal injuries in an incident that occurred at the SleepIn Hotel and Casino in Georgetown, Guyana, on October 10, 2022, after his superintendent "suddenly, and without warning or provocation, assaulted and shoved [him] to the ground."[5] At the time of the incident, Rak was employed as a pilot technician of Remotely Operated Vehicle systems ("ROV Systems")[6] by Defendant C-I, a marine services company that provides ROV Systems and related services on vessels as a

---

[1] R. Doc. 58.
[2] R. Doc. 62.
[3] R. Doc. 63.
[4] R. Doc. 65.
[5] Am. Comp., R. Doc. 8 at p. 3. Rak alleges he suffered, "among other injuries, a blow to the head, loss of consciousness, concussion and a broken right wrist." *Id.*
[6] "ROV Systems are unoccupied machines used for underwater exploration that are operated remotely by individuals located above the water's surface." May 17 Order, R. Doc. 56 at p. 5 n.27 (quoting R. Doc. 37-5 at ¶ 2; R. Doc. 43-1 at ¶ 2).

third-party contractor to clients in the oil and gas industry.[7] During the 10-month tenure of his employment with C-I, Rak worked in Guyana aboard the ISLAND PERFORMER, a vessel owned by Defendant Island Ventures.[8] On October 11, 2022, the day after the incident between Rak and his superintendent, C-I terminated Rak's employment.[9] On February 17, 2023,[10] Rak filed this action asserting claims under theories of negligence and unseaworthiness, for maintenance and cure, and for retaliatory discharge and wrongful termination.[11] All of Rak's claims are based on the premise that he was a seaman under the Jones Act at the time of his alleged injury.[12]

On April 9, 2024, after the close of discovery, the Defendants moved for summary judgment, arguing that Rak's claims fail as a matter of law because he was not a Jones Act seaman (the "Motion for Summary Judgment").[13] The Court's Order and Reasons issued on May 17, 2024 (the "May 17 Order"), granted summary judgment in favor of the Defendants on all of Rak's claims, finding "[t]he record reveals no evidence from which reasonable persons might draw the conclusion that Plaintiff is a Jones Act seaman,"[14] and the Court entered final judgment in favor of the Defendants and against Rak.[15] In reaching that decision, the Court relied heavily on a Fifth Circuit opinion that rejected the seaman status of a plaintiff under "substantially similar" facts to the instant case.[16]

---

[7] May 17 Order, R. Doc. 56 at pp. 4-5 (citing R. Doc. 37-5 at ¶¶ 1, 4, 6; R. Doc. 43-1 at ¶¶ 1, 4, 6).
[8] *Id.* at p. 5 (citing R. Doc. 37-5 at ¶¶ 7-8; R. Doc. 43-1 at ¶¶ 7-8).
[9] *Id.* (citing R. Doc. 37-5 at ¶ 13; R. Doc. 43-1 at ¶ 13).
[10] Original Comp., R. Doc. 1.
[11] Am. Comp., R. Doc. 8 at pp. 5-9.
[12] 46 U.S.C. § 30104 *et seq.*; *see* R. Doc. 8. In their briefing on the Defendants' Motion for Summary Judgment, the parties agree all of Rak's claims are based on the premise that he was a Jones Act seaman. R. Doc. 37-5 at ¶ 16; R. Doc. 43-1 at ¶ 16.
[13] Defs.' Mot. for Summ. J., R. Doc. 37 at p. 4.
[14] May 17 Order, R. Doc. 56 at pp. 17-18.
[15] R. Doc. 57.
[16] May 17 Order, R. Doc. 56 at p. 14.

In *Santee v. Oceaneering International, Inc.* (hereinafter, the "First *Santee* Decision"),[17] the Fifth Circuit determined "an ROV [Systems] technician, employed by a land-based contractor that neither owned nor operated the vessel from which the plaintiff worked, failed to establish" Jones Act seaman status "even though he spent 'nearly all' of his employment with the vessel."[18] As expressed in the May 17 Order, this Court determined it was "bound to" apply the First *Santee* Decision to the facts of this case and, consequently, found "Rak's connection to the ISLAND PERFORMER was not [sufficiently] substantial in nature" to satisfy the operative seaman status test.[19]

Four days after this Court issued the May 17 Order, the Fifth Circuit withdrew the First *Santee* Decision and granted a petition for panel rehearing.[20] On June 13, 2024, Rak filed the instant motion urging the Court to reconsider its May 17 Order under Federal Rule of Civil Procedure 59(e) in light of the "intervening change in law" affected by the Fifth Circuit's withdrawal of the First *Santee* Decision.[21] On August 7, 2024, the Fifth Circuit issued a corrected Order and Reasons in *Santee* (hereinafter, the "Second *Santee* Decision")[22] and the next day this Court granted Rak leave to supplement his Motion for Reconsideration in light of the Second *Santee* Decision.[23]

---

[17] 23-20095, 95 F.4th 917 (5th Cir. Mar. 12, 2024) [hereinafter First *Santee* Decision].
[18] May 17 Order, R. Doc. 56 at pp. 14-15 (citing First *Santee* Decision, 95 F.4th at 928).
[19] *Id.* at p. 17 (citing First *Santee* Decision, 95 F.4th at 927-28).
[20] 23-20095, 2024 WL 3755955 (5th Cir. May 21, 2024).
[21] R. Doc. 58. Plaintiff also brings his Motion for Reconsideration under Rule 60(b). *See id.* "The difference between a Rule 60(b) and 59(e) motion is based on timing." *Reyes v. Julia Place Condo. Homeowners Ass'n, Inc.*, 12-2043, 2016 WL 4272493, at *2 (E.D. La. Aug. 15, 2016). "If the motion is filed within twenty-eight days of the final judgment, then it falls under Rule 59(e)." *Id.* (citing FED. R. CIV. P. 59(e)). "However, if the motion is filed more than twenty-eight days after the final judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b)." *Id.* (citing FED. R. CIV. P. 60(b)). Because Plaintiff filed the instant Motion for Reconsideration 27 days after the Court's May 17 Order and issuance of final judgment, the Court will evaluate the motion as a motion for reconsideration under Rule 59(e).
[22] *Santee v. Oceaneering International, Inc.*, 23-20095, 2024 WL 3680806 (5th Cir. Aug. 7. 2024) [hereinafter Second *Santee* Decision].
[23] R. Doc. 64.

## LAW AND ANALYSIS

Courts have considerable discretion when evaluating the merits of a motion for reconsideration pursuant to Rule 59(e).[24] To prevail on a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence," but cannot "raise arguments which could, and should, have been made before the judgment issued."[25] Indeed, because "[a] Rule 59(e) motion 'calls into question the correctness of a judgment,'" it "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'"[26]

In deciding motions under the Rule 59(e) standards, courts in this district consider the following factors:

    (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
    (2) whether the movant presents new evidence;
    (3) whether the motion is necessary in order to prevent manifest injustice; and
    (4) whether the motion is justified by an intervening change in the controlling law.[27]

"Altering or amending a judgment under Rule 59(e) is an 'extraordinary remedy' used 'sparingly' by the courts."[28]

---

[24] *See, e.g., In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Baker v. Fedex Ground Package*, 04-3401, 2007 WL 3334387, at *1 (E.D. La. Nov. 7, 2007).

[25] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).

[26] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

[27] *Castrillo v. American Home Mortg. Servicing, Inc.*, 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010). Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot v. Hartford Fire Ins. Co.*, 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012).

[28] *Reyes*, 2016 WL 4272493, at *3 (quoting *Templet*, 367 F.3d at 479).

## I.     The Court's May 17 Order relies on the First *Santee* Decision.

A plaintiff asserting claims under the Jones Act "has the burden of establishing seaman status" at the time of the subject incident.[29] If reasonable persons could draw conflicting inferences, seaman status is a question for the jury and summary judgment must be denied.[30] Nevertheless, summary judgment is proper when the underlying facts are undisputed and the record reveals no evidence from which reasonable persons might draw conflicting inferences about whether the claimant is a Jones Act seaman.[31]

In *Chandris, Inc. v. Latsis*, the Supreme Court established a two-pronged test to determine whether a party is a seaman under the Jones Act.[32] "To be a seaman: (1) the plaintiff's duties must contribute to the function or mission of the vessel, and (2) the plaintiff must have a connection to the vessel or fleet of vessels that is substantial in duration and nature."[33] In the May 17 Order, this Court found:

> In this case, the parties do not dispute that Plaintiff Rak's work aboard the
> ISLAND PERFORMER satisfies *Chandris*' first prong . . . [n]or do the
> parties dispute that Rak satisfied the 'substantial in duration' requirement
> of *Chandris*' second prong . . . . The parties disagree only as to whether
> Rak satisfied the second prong of the *Chandris* analysis that he had a
> connection to the vessel that was substantial in nature.[34]

---

[29] *Barrett v. Chevron, U.S.A., Inc.*, 752 F.2d 129, 132 (5th Cir. 1985).

[30] *Buras v. Commercial Testing & Eng'g Co.*, 736 F.2d 307, 309 (5th Cir. 1984); *Chandris, Inc. v. Latsis*, 515 U.S. 347, 369 (1995). *Cf. Landry v. Amoco Production Co.*, 595 F.2d 1070 (5th Cir. 1979) (reversing district court's denial of plaintiff's motion for a directed verdict because "the facts governing plaintiff's status as a seaman were established beyond cavil"); *White v. Valley Line Co.*, 736 F.2d 304, 305 (5th Cir. 1984) ("[T]he issue of seaman status is ordinarily a jury question, even when the claim to seaman status is marginal.").

[31] *Id. See also, e.g.*, *Prinzi v. Keydril Co.*, 738 F.2d 707, 709 (5th Cir. 1984) (finding the parties agreed the relevant facts were not in dispute and reasonable persons could not have differed with respect to the inferences drawn from those facts).

[32] 515 U.S. at 376.

[33] Second *Santee* Decision, 2024 WL 3680806, at *3 (citing *Chandris*, 515 U.S. at 368).

[34] May 17 Order, R. Doc. 56 at pp. 8-9 (citations omitted).

Accordingly, the Court's decision considered only the merits of the "substantial in nature" component of the *Chandris* test's second prong.[35]

The Fifth Circuit has clarified that the "substantial in nature" inquiry must consider the plaintiff's "service, his status as a member of the vessel, and his relationship as such to the vessel and its operations in navigable waters."[36] Observing that "seamen and non-seamen maritime workers may face similar risks and perils," the *en banc* Fifth Circuit instructed district courts to undertake three "additional inquiries" when resolving the "substantial in nature" element in *Sanchez v. Smart Fabricators of Texas, L.L.C.*:

> (1) Does the worker owe his allegiance to the vessel, rather than simply to a shoreside employer?
>
> (2) Is the work sea-based or involve seagoing activity?
>
> (3) (a) Is the worker's assignment to a vessel limited to performance of a discrete task after which the worker's connection to the vessel ends, or (b) Does the worker's assignment include sailing with the vessel from port to port or location to location?[37]

Courts in the Fifth Circuit weigh the *Sanchez* factors to determine whether plaintiffs satisfy *Chandris*' "substantial in nature" element.[38] As discussed in the May 17 Order, the Defendants "do not dispute the second *Sanchez* factor."[39]

In ultimately granting summary judgment against Plaintiff Rak, the Court applied the First *Santee* Decision and concluded "Rak's connection to the ISLAND PERFORMER was not substantial in nature" under *Chandris* because he did not satisfy

---

[35] *See generally* May 17 Order, R. Doc. 56.
[36] *Naquin v. Elevating Boats, LLC*, 842 F.Supp.2d 1008, 1016 (E.D. La. Jan. 3, 2012) (citing *Chandris*, 515 U.S. at 359-60; *Swanson v. Marra Bros.*, Inc., 328 U.S. 1 (1946)).
[37] *Sanchez v. Smart Fabricators of Texas, L.L.C.*, 997 F.3d 564, 574 (5th Cir. 2021) (en banc).
[38] *See, e.g., Matter of Ingram Barge Co., L.L.C.*, 22-30577, 2023 WL 6123107, at *6 (5th Cir. 2023).
[39] May 17 Order, R. Doc. 56 at p. 10.

the first or third *Sanchez* factors.[40] In the First *Santee* Decision, the Fifth Circuit determined the plaintiff in that case did not satisfy the first and third *Sanchez* factors because:

> [T]he plaintiff failed 'to establish allegiance to the vessel' or that he was '*permanently* assigned to work aboard' the vessel, even though he 'spen[t] nearly all of his total employment time' aboard the vessel on 21- to 28-day hitches during the five-year period leading up to his alleged injury, which occurred aboard the vessel . . . [and finding] the plaintiff was 'a transient employee of a contractor to [the] vessel,' who performed services on behalf of his land-based employer, rather than 'an entrenched crewmember of the vessel.'[41]

Reasoning that "this Court is bound to the Fifth Circuit's determination [in the First *Santee* Decision] that the third *Sanchez* prong weighs against an ROV [Systems] technician who is 'assigned as a transitory worker limited to the performance of a discrete task,'" this Court ultimately found Rak's connection to the ISLAND PERFORMER was not substantial in nature under *Chandris*.[42]

## II.     The Second *Santee* Decision represents an intervening change in controlling law that warrants reconsideration of the Court's May 17 Order granting summary judgment against Plaintiff Rak.

The parties agree the Second *Santee* Decision found the *Santee* plaintiff's "allegiance to both his shoreside employer and the vessel on which he sustained injuries" "sufficed to create some fact issue" as to the first *Sanchez* factor,[43] and that "the plaintiff's work on the vessel [as an ROV Systems technician] was not discrete,"[44] indicating the third *Sanchez* factor also weighs in the plaintiff's favor. In the Second

---

[40] *Id.* at p. 17.
[41] *Id.* at p. 11 (quoting First *Santee* Decision, 95 F.4th at 927-28).
[42] *Id.* at p. 17 (quoting First *Santee* Decision, 95 F.4th at 927-28).
[43] R. Doc. 65 at p. 6 (citing Second *Santee* Decision, 2024 WL 3680806, at *4); R. Doc. 63 at p. 3 ("Santee possessed dual allegiance to both a vessel and his shoreside employer.").
[44] R. Doc. 65 at p. 6 (citing Second *Santee* Decision, 2024 WL 3680806, at *5); R. Doc. 63 at p. 4 ("Santee's job assignment was not a discrete, transient job like the work done by longshoremen when a vessel calls in port.").

*Santee* Decision, the Fifth Circuit panel reversed the district court's denial of the *Santee* plaintiff's motion to remand, finding the ROV Systems technician in that case "has at least some possibility of proving his Jones Act claims on the facts alleged."[45] In issuing that decision, the Fifth Circuit corrected its opinion on two issues that show there has been an intervening change in law with respect to Plaintiff Rak's seaman status in this case. First, the Second *Santee* Decision clarified that "a maritime worker may possess allegiance to both a vessel on which he has had longstanding employment *and* his shoreside employer" and ultimately found "[t]he record evidence from Santee's affidavit and work history documents is sufficient to create at least some fact issue."[46] Second, "[w]ith respect to the assignment factor," the Second *Santee* Decision found the plaintiff's "assignment was not a discrete, transient job like the work done by longshoremen when a vessel calls in port."[47] In reaching its conclusion on the "assignment factor," the Fifth Circuit was persuaded by the plaintiff's employment record, which demonstrated "he was not assigned to a short-term, transitory task on the vessel," as well as his affidavit, which expressed "he never had an end date to his assignment," "he was indefinitely assigned" to a particular vessel, and "the nature of the ROV work was critical to the vessel's mineral exploration and drilling operations and was conducted for an indefinite period of time."[48]

In his Motion for Reconsideration, Plaintiff Rak asks the Court to reconsider its May 17 Order granting summary judgment on behalf of the Defendants, contending the Second *Santee* Decision represents "an intervening change in [controlling] law that— when applied to this case—shows this Court's May 17 [Order]" "should be reconsidered

---

[45] Second *Santee* Decision, 2024 WL 3680806, at *1.
[46] *Id.* at *4.
[47] *Id.*
[48] *Id.* at *5.

and reversed."[49] Specifically, Rak argues the corrected Order and Reasons establishes that he "qualifies for seaman status," or "[a]t a minimum, [establishes] a genuine fact dispute exists as to [his] seaman status, warranting denial of Defendants' Motion for Summary Judgment."[50]

In opposition, the Defendants urge the Court to construe the Second *Santee* Decision narrowly and deny Plaintiff's Motion for Reconsideration.[51] The issue before the *Santee* court was whether the plaintiff's Jones Act claims were "fraudulently pleaded"—i.e., "pleaded where there is no possibility that the plaintiff can prove seaman status."[52] While "Jones Act cases are not removable from state court," a fraudulently pleaded Jones Act claim does not bar removal.[53] "Thus, remand [to state court] is inappropriate where 'resolving all disputed facts and ambiguities in current substantive law in plaintiff's favor, the court determines that the plaintiff has *no possibility* of establishing a Jones Act claim on the merits.'"[54] The Defendants note the Fifth Circuit's corrected Order and Reasons held "the defendants failed to prove [the *Santee* plaintiff] fraudulently plead[ed] his Jones Act claims" on a motion to remand and argue this change in law "does not cure" Plaintiff Rak's failure to "present[] sufficient evidence to defeat summary judgment and establish his own status as a Jones Act seaman" in this case.[55]

The Defendants correctly point out that a plaintiff need only show "at least some possibility of proving his Jones Act claims" to remand a case to state court when their

---

[49] R. Doc. 58; R. Doc. 63 at pp. 4-5.
[50] R. Doc. 63 at p. 4.
[51] R. Doc. 65 at p. 7.
[52] Second *Santee* Decision, 2024 WL 3680806, at *3.
[53] *See Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006).
[54] Second *Santee* Decision, 2024 WL 3680806, at *3 (quoting *Holmes*, 437 F.3d at 445).
[55] R. Doc. 65 at pp. 7-8, 10.

litigation adversary challenges the claims as "fraudulently pleaded."[56] However, the Defendants misstate the burden on summary judgment as requiring Plaintiff Rak "to present competent evidence to affirmatively satisfy each of the *Sanchez* factors."[57] In this case, Rak asserts claims under the Jones Act and therefore bears the burden of establishing his seaman status at trial.[58] The Defendants moved for summary judgment on Rak's seaman status "indicating an absence of evidence to support the elements of Rak's Jones Act claims."[59] As discussed in the May 17 Order, when a movant seeks "summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by 'calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party.'"[60]

"[T]he district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration" raised under Rule 59(e).[61] While "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," such action is warranted in this case.[62] Plaintiff Rak has sufficiently demonstrated that the Motion to Reconsider "is justified by an intervening change in the controlling law"[63] upon which the Court based its May 17 Order granting summary judgment in favor of the Defendants and against Rak. Applying the First *Santee* Decision to the facts of this case, the Court found there was no genuine issue of material

---

[56] *Id.* at p. 11 (citing *Walker v. Nabors Offshore Drilling, Inc.*, 91 F. Supp. 2d 907, 909 (E.D. La. Mar. 23, 2000)).

[57] *Id.* at p. 12.

[58] *See Barrett*, 752 F.2d at 132.

[59] R. Doc. 65 at p. 11.

[60] May 17 Order, R. Doc. 56 at p. 3 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 332–33 (1986)).

[61] *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

[62] *Templet*, 367 F.3d at 479.

[63] *See Castrillo*, 2010 WL 1424398, at *4.

fact as to Rak's seaman status.[64] However, applying the Second *Santee* Decision to the facts of this case, Rak's opposition to the Defendants' Motion for Summary Judgment raises genuine issues of material fact as to his seaman status.[65] Because reasonable persons could draw conflicting inferences as to Rak's seaman status, the issue is a question for the jury and the Court will vacate the May 17 Order and final judgment.[66]

Accordingly;

### CONCLUSION

**IT IS ORDERED** that the Plaintiff Kyle Rak's Motion for Reconsideration is **GRANTED**.[67]

**IT IS FURTHER ORDERED** that the Court's May 17 Order and Reasons is **VACATED**.[68]

**IT IS FURTHER ORDERED** that the Court's May 17 Judgment is **VACATED**.[69]

**IT IS FURTHER ORDERED** that the Defendants' Motion for Summary Judgment is **DENIED**.[70]

**New Orleans, Louisiana, this 22nd day of August, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[64] May 17 Order, *See* R. Doc. 56 at p. 17.
[65] *See* R. Doc. 43.
[66] *See Buras,* 736 F.2d at 309; *Chandris*, 515 U.S. at 369.
[67] R. Doc. 58.
[68] May 17 Order, R. Doc. 56.
[69] R. Doc. 57.
[70] Defs.' Mot. for Summ. J., R. Doc. 37.